UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN HEDRICH,

                    Plaintiff,

        v.                                                        20-CV-21-LJV-LGF
                                                                  DECISION & ORDER
AMANDA FOWLER, *et al.*,

                    Defendants.

_____


On January 8, 2020, the *pro se* plaintiff, John Hedrich, filed this action alleging

"multiple violations of [his] rights under the Fourth, Fifth[,] and Fourteenth

Amendments"; 18 U.S.C. § 1509; New York State Penal Law § 215.50; and "[section]

1026[] of the [New York] Family Court Act."  Docket Item 1 at 3, 9.  On April 10, 2020,

the defendants moved to dismiss Hedrich's claims.  Docket Item 12.  On May 28, 2020,

Hedrich responded to that motion, Docket Item 15, and on June 5, 2020, the defendants

replied, Docket Item 16.

In the meantime, on April 14, 2020, this Court referred this case to United States

Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A)

and (B).  Docket Item 13.  On June 9, 2022, Judge Foschio issued a Report and

Recommendation ("R&R") finding that the defendants' motion should be granted.

Docket Item 17.  The parties did not object to the R&R, and the time to do so now has

expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of

a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must

review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Foschio's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Foschio's recommendation to grant the defendants' motion to dismiss.

As Judge Foschio explained, this Court cannot order the defendants to "revert[]" Hedrich's custody order to its prior terms, nor can this Court award damages "for days [Hedrich] loses with his daughters under the modified order."  Docket Item 1 at 11.  By asking for such relief, Hedrich invites this Court to review and reject a state court judgment.  And for the reasons outlined in the R&R, the *Rooker-Feldman* doctrine precludes this Court from doing exactly that.  *See* Docket Item 17 at 7-10; *see also Stumpf v. Maywalt*, 2022 WL 2062613, at *4 n.4 (W.D.N.Y. June 6, 2022) ("The *Rooker-Feldman* doctrine bars federal courts from exercising jurisdiction over claims brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (internal quotation marks omitted)).

Hedrich's remaining claims are subject to dismissal as well.[1]  To the extent that Hedrich "requests that the [d]efendants be charged and prosecuted" under 18 U.S.C. § 1509 and New York Penal Law § 215.50, *see* Docket Item 1 at 11, he seeks relief that this Court cannot order.  *See* Docket Item 17 at 20 (noting that generally "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another" (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))).  Nor has Hedrich explained how he can sue the defendants directly under section 1026(c) of the New York Family Court Act.  *See id.* at 21.

Moreover, as Judge Foschio explained, any alleged Fourth Amendment claim belongs to Hedrich's children, not to him.  *See Southerland v. City of New York*, 680 F.3d 127, 143 (2d Cir. 2012) ("A Fourth Amendment child-seizure claim belongs only to the child, not to the parent . . . .").  And because Hedrich is proceeding *pro se*, he cannot assert that claim on behalf of his children.  *See Johnson v. City of New York*, 2021 WL 4479384, at *3 (S.D.N.Y. Sept. 30, 2021) ("[S]ince Fourth Amendment rights are personal rights, a parent proceeding *pro se* [may] not vicariously assert a Fourth Amendment-based claim . . . .").

---

[1] Because this Court agrees with Judge Foschio that Hedrich's remaining claims are subject to dismissal, it does not address whether those claims are barred by *Rooker-Feldman*, *Younger*, or the domestic-relations exception.  And because none of those grounds for dismissal implicate this Court's jurisdiction under Article III, this Court need not pass on those questions.  *See Butcher v. Wendt*, 975 F.3d 236, 244 (2d Cir. 2020) ("[T]he *Rooker-Feldman* doctrine does not implicate Article III jurisdiction."); *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (nor does *Younger*); *Williams v. Lambert*, 46 F.3d 1275, 1283 (2d Cir. 1995) (nor does the domestic-relations exception); *see generally Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998).

Hedrich's *Monell* claims, *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), fare no better.  As Judge Foschio correctly concluded, Hedrich's claims cannot proceed against Cattaraugus County Child Protective Services.  *See* Docket Item 17 at 21-22.  And in addition, Hedrich has not alleged any facts demonstrating how "policies or customs that were sanctioned by [Cattaraugus County] led to the alleged constitutional violation[s]" of the complaint.  *See Missel v. County of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order) (alterations and internal quotation marks omitted).

Finally, Hedrich has failed to state a procedural or substantive due process claim.[2]  The basis of Hedrich's procedural due process claim appears to be that the defendants should have obtained judicial approval under New York Family Court Act § 1026(c) when Hedrich's children were placed with their mother in January and April 2019.  *See* Docket Item 1 at 9 ("Yet in neither case did CPS take this necessary step that would have resulted in their actions being brought in front of a judge."); *see also id.* (citing N.Y. Family Court Act § 1026(c)).  But section 1026(c) apparently did not apply when those decisions were made because Hedrich's children were not taken into state custody.  *See* N.Y. Family Court Act § 1024 ("[A] designated employee of a city or county department of social services shall take all necessary measures to protect a child's life or health including, when appropriate, taking or keeping a child in protective custody[] . . . ."); *id.* § 1026(c) (outlining procedures that apply to "emergency removal

---

[2] Hedrich's due process claims arise under the Fourteenth Amendment.  For the reasons stated in the R&R, Hedrich's Fifth Amendment claims are dismissed without leave to amend because any amendment would be "futile."  *See* Docket Item 17 at 18; *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)

pursuant to section one thousand twenty-four"); *cf. Gottlieb v. County of Orange*, 84 F.3d 511, 522 (2d Cir. 1996) (noting that an agency "must promptly seek court approval" when it "takes the child into its own custody" but that "[t]here are sound policy reasons for not imposing such a requirement automatically" in other circumstances).  And while the relocation of Hedrich's children undoubtedly caused him distress, this Court accepts and adopts Judge Foschio's conclusion that Hedrich has not alleged state action that was "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection."  *Southerland*, 680 F.3d at 152.

For all those reasons, all of Hedrich's claims are subject to dismissal.[3] Nevertheless, this Court grants him leave to amend his *Monell* and Fourteenth Amendment due process claims.  *See Shibeshi v. City Univ. of N.Y.*, 531 F. App'x 135, 136 (2d Cir. 2013) (summary order) ("[D]istrict courts should generally not dismiss a *pro se* complaint without granting the plaintiff leave to amend . . . .").  Hedrich also may amend his complaint to assert a Fourth Amendment claim on behalf of his children, but he must retain an attorney if he wants to bring that claim.  Hedrich's remaining claims are dismissed without leave to amend because any amendment would be "futile."  *See Cuoco*, 222 F.3d at 112.

For the reasons stated above and in the R&R, the defendants' motion to dismiss, Docket Item 12, is GRANTED in part, and the remainder of the defendants' motion to dismiss will be granted unless Hedrich files an amended complaint correcting the

---

[3] Because Hedrich's claims are subject to dismissal for the reasons stated above, this Court does not pass on whether his claims also would be barred by qualified immunity.

deficiencies noted above within 45 days of the date of this order.  The defendants may answer, move against, or otherwise respond to any amended complaint within 30 days of its filing.  If Hedrich does not file an amended complaint within 45 days, then his complaint will be dismissed, and the Clerk of the Court shall close this case without further order.  If Hedrich's complaint is dismissed, the Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438 (1962).


       SO ORDERED.

Dated:      July 19, 2022
              Buffalo, New York


          */s/ Lawrence J. Vilardo*
          LAWRENCE J. VILARDO
          UNITED STATES DISTRICT JUDGE